STATE OF FLORIDA, ex rel. WAYNE F. McJUNKIN, *Petitioner*, vs. W. S. McLIN, as Motor Vehicle Commissioner of the State of Florida, *Respondent*.

138 So. 480.

En Banc.

Opinion filed December 22, 1931.

*Milam, McIlvaine & Milam* and *J. B. Stewart,* for Petitioner;

*Cary D. Landis,* Atty. Gen. and *H. E. Carter,* Assistant, for Respondent.

BUFORD, C.J.—In this case alternative writ of mandamus was issued to the Respondent to require him to show cause why he should not issue a license tag to the Relator to be used on a motor bus operating over certain public highways in the State of Florida upon the payment of the fee required under the provisions of Chapter 10182 Laws of Fla., Acts of 1925. The Respondent filed his return which shows that the Relator demanded a license tag to be issued for the bus described under the provisions of Chapter 10182, supra, for and at the price of $69.75 and that the respondent refused to issue such license tag because the provisions in this regard of chapter 10182, supra, had been superseded by the provisions of chapter 15625, Acts of 1931, wherein and whereby a license tag costing $99.00 plus 50c for service fee is required to authorize the operation of the bus in controversy.

The Relator has moved for the issuance of peremptory writ, which is equivalent to demurrer to the return and upon which the Court may order the peremptory writ issued or the alternative writ dismissed.

It is the contention of the Relator that the provision of section 8 of chapter 15625, Acts of 1931, to-wit: ''Provided further that nothing in this Act shall repeal, alter or diminish the mileage tax or fees now provided by law for motor vehicles coming under the supervision of the Railroad Commission of the State of Florida'', precludes the license tag schedule as provided in that Act from applying to the bus here under consideration because it is admitted that this bus is operated under the supervision of the Railroad Commission.

The construction sought to be placed upon this provision of section 8 of the Act is not tenable. The license tax sought

here to be collected for the license tag is not 'a mileage tax or fee. Our construction of the proviso is that it applies to the mileage tax or mileage fees which are required under the provisions of chapter 14764, Acts of 1931, and has no application to the fees fixed for license tags by the provisions of chapter 15625, supra.

For the reasons stated, the motion for peremptory writ is denied and the alternative writ is dismissed. It is so ordered.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.