T. A. LEONARD v. REX SWEAT, Sheriff, Duval County.

152 So. 857.
Division B.
Opinion Filed February 21, 1934.

*Stanton Walker* and *John R. Beacham,* for Petitioner;

*Cary D. Landis,* Attorney General, and *Robert J. Pleus,* Assistant, for Respondent;

*Theo T. Turnbull,* for the Railroad Commission;

*Russell L. Frink* and *W. J. Oven,* as *Amicus Curiae.*

BUFORD, J. — This is an original proceeding in habeas corpus.

Petitioner was charged with the offense of operating, as the agent and employee of an auto-transportation company licensed to operate a common carrier under certificates issued pursuant to Chapter 14764, Acts of 1931, a certain motor truck having a gross weight in excess of 18,000 pounds, including the weight of the motor truck. The sufficiency of the affidavit is not challenged.

The sole question presented for our determination is whether or not a motor truck may be operated on the highways of the State of Florida outside of a municipal corporation carrying a gross weight of more than 18,000 pounds, including the weight of the vehicle, without being in violation of Chapter 16085, Acts of 1933.

Chapter 14764, Acts of 1931, amongst other things, provides as follows:

"No truck or trailer shall be authorized under any Certificate of Public Convenience and Necessity in common carriage to carry a load in excess of 12,000 pounds, and the commission shall by the terms of all certificates issued by it limit the load weight of every truck or trailer to not more than 12,000 pounds. Every certificate heretofore issued shall be deemed to limit load weight of every truck or trailer to 12,000 pounds and the carriage by any truck or trailer of more than 12,000 pounds shall be unlawful and subject the holder of such certificate to all the penalties prescribed by law and by the provisions of this Act.

The vehicle weight of any truck or trailer shall in no event exceed the maximum load weight of 12,000 pounds hereinabove provided unless such load weight be reduced in the amount of such excess vehicle weight.

"The Commission is authorized to prescribe all reasonable rules and regulations for distribution of load weight on all trucks and trailers and tire specifications and axle spacing in keeping with the physical condition of the public highways and bridges upon or over which such trucks or trailers are authorized to operate."

Under this provision of the statute the Railroad Commission of the State of Florida was authorized to issue permits to common carriers to operate trucks on the public highways of this State outside of municipal corporations, such trucks

to have a maximum weight of not more than 12,000 pounds and a load weight of not more than 12,000 pounds, making a gross weight of 24,000 pounds. The same Legislature passed Chapter 15625, Acts of 1931, and we had these legislative Acts under consideration in the case of Dickenson v. Cahoon, 107 Fla. 155, 144 Sou. 345. There we said:

"Consequently, while the licensing and taxing provisions of amended Section 1011, Rev. Gen. St., *supra.*, are applicable to all vehicles using the roads of this State, including those certificated under Chapter 14764, Acts of 1931, as well as others (See State, *ex rel.* McJunkin v. McLin, Commissioner [Fla.], 138 So. 480), the fact that the Legislature in enacting Chapter 14764, *supra,* deliberately undertook to separately classify and lay down special regulations concerning the operation of certificated vehicles using the highways of this State as a means of conducting a business of haulage for hire necessarily sets up a new and complete field of regulations for such particular vehicles. This new scheme of regulation, being complete in itself, the effect thereof is to render inapplicable to certificated vehicles those statutory regulations as to weight, speed and the like which for the government of motor vehicles generally have incidentally been included in the licensing and taxation statutes just referred to.

"Having reached the conclusion just stated to the effect that whatever regulations as to weight limits, speed and the like, must be found in the express or necessarily implied provisions of Chapter 14764, *supra,* in order to be applicable to vehicles certificated and doing business under Chapter 14764, *supra,* we turn to a consideration of the last mentioned Act for the purpose of ascertaining whether or not it contains within its terms any provision as to weight limits which may be legally applied to a private contract carrier

such as the prisoner at the bar seeking his release on habeas corpus purports to be.

"Our conclusion on this score is that the last two paragraphs of Section 11 of said Chapter 14764, *supra,* furnishes a complete answer to this question.

"By such paragraphs it is provided that the weight of 'any' truck or trailer shall in no event exceed the maximum load weight of 12,000 pounds, unless the excess in the vehicle weight be made up by a proportionate reduction in the load weight.

"Or, to state it in another way, the legal effect of the provision found in next to the last paragraph of Section 11 is to permit a vehicle not exceeding 12,000 pounds in weight to carry a load of not exceeding 12,000 pounds in weight, subject to the proviso that the vehicle weight limit may be increased, provided that the weight of the load is reduced in an exact proportion corresponding to the increase in vehicle weight. In practical operation this paragraph means that no combined weight of load and vehicle shall ever exceed 24,000 pounds for a certificated vehicle holding a certificate or permit under Chapter 14764."

The title to Chapter 16085, is as follows:

"An Act to Amend Section 1007, Revised General Statutes, as Amended by Chapter 8410, Laws of Florida, Acts of 1921, and by Chapter 10182, Laws of Florida, Acts of 1925, Being Section 1281, Compiled General Laws of Florida, 1927, as Amended by Chapter 15625, Laws of Florida, Acts of 1931, and to Amend Section 1010, Revised General Statutes, Being Section 1284, Compiled General Laws of Florida, 1927, as Amended by Chapter 15625, Laws of Florida; Acts of 1931; To Amend Section 1011, Revised General Statutes as amended by Chapter 8410, Laws of Florida, Acts of 1921, and by Chapter 10182, Laws of Florida,

Acts of 1925, Being Section 1285, Compiled General Laws of Florida, 1927, as Amended by Chapter 15625, Laws of Florida, Acts of 1931; and To Amend Section 1012, Revised General Statutes as Amended by Chapter 8410, Laws of Florida, Acts of 1921 and by Chapter 10182, Laws of Florida, Acts of 1925, Being Section 1286, Compiled General Laws of Florida, 1927, and to amend Chapter 14656, Acts of 1931, All of Said Sections Relating to the Operation, Licensing and Taxing of Motor Vehicles, Trailers, Semi-trailers and Motor-cycle Sidecars and Providing Penalties for the Violation Thereof."

It will be observed that the title does not carry any intimation that Chapter 14764, Acts of 1931, is proposed to be amended by this Act. Section 3 of Chapter 16085 amends Section 1011, R. G. S., as amended by Chapter 8410, Acts of 1921 and by Chapter 10182, Acts of 1925, being Sections 1285, Compiled General Laws of Florida, 1927, as amended by Chapter 15625, Laws of Florida, Acts of 1931, and Chapter 14656 of 1931; and sub-paragraph 4 of Section 3 is as follows:

"No motor vehicle or combination of vehicles, with pneumatic tires shall be operated on a public highway in this State with a gross weight per vehicle, including the weight of such vehicle, in excess of 16,000 pounds. The maximum gross weight, including weight of vehicle, of any such single vehicle, singly or in combination, shall not exceed 16,000 pounds, unless specific authority has been obtained from the State Road Department or the Railroad Commission, or unless each vehicle is equipped with vacuum booster brakes, electric brakes or air-brakes, to safeguard the traveling public, at least six tires in contact with the road, and oversize tires of sufficient dimensions to conserve the public highways which will allow an 18,000-pound gross

load for such vehicle, provided, however, that trucks with two-wheel trailer attached with pneumatic tires as prescribed in this section shall be allowed a gross weight of 18,000 pounds; such gross load to be packed on such vehicle so as not to exceed 550 pounds per inch of tire. Provided, however, motor buses under the jurisdiction of the Railroad Commission shall be permitted the vehicle weight specified by Chapter 14764, Acts of 1931."

The contention is that the provisions of this sub-paragraph 4 fixed the gross weight including weight of vehicle at 16,000 pounds unless under certain conditions therein provided such gross weight may be advanced to 18,000 pounds.

It appears to us that the opinion and judgment in the case of Dickenson v. Cahoon, *supra,* is controlling in this case. It was contended in that case that the provisions of Chapter 15625, Acts of 1931, controlled, but we held to the contrary, as above stated.

Now, if the provisions of the original Act, Chapter 15625, Acts of 1931, did not supersede the provisions of Chapter 14764, *supra,* it appears to us that it is not at all logical to contend that the amendment to that Act, which in nowise refers to Chapter 14764, will by implication supersede it.

Section 3 of Chapter 16085 amends Section 3 of Chapter 15625, which purported to amend Section 1011, R. G. S., being 1285, Compiled General Laws of Florida, as amended by Chapter 10182, Acts of 1925, and sub-paragraph 4 of that section reads as follows:

"(4) No motor vehicle shall be operated on a public highway outside of any municipal corporation in this State carrying a load of more than sixteen thousand pounds, including the weight of such motor vehicle."

Certainly, it cannot be reasonably contended that the provisions of sub-paragraph 4 of Chapter 15625, Acts of 1931,

are any less in conflict with the provisions heretofore referred to by Chapter 14764 than are the provisions of subparagraph 4 of Section 3 of Chapter 16085.

It, therefore, follows that we must, on authority of the opinion and judgment in the case of Dickenson v. Cahoon, *supra,* hold that the provisions of Chapter 14764, Acts of 1931, remain the controlling statutory provisions in this State in this regard and that the petitioner should be discharged.

It is so ordered:

WHITFIELD, P. J., and BROWN, J., concur.

DAVIS, C. J., and ELLIS and TERRELL, J. J., concur in the opinion and judgment.

DAVIS, C. J. (concurring).—This is a habeas corpus case. While it is a test case, nevertheless the rules of criminal liability must be applied. One rule is that criminal liability should never be imposed as a result of ambiguous, uncertain or indefinite legislation. Doubts must be resolved in favor of life and liberty. This is especially so where the statutes have been construed by the State's own officers against the State in favor of one who is sought to be held to answer criminally for an act which State officers have ruled to be lawful. Here we consider an unclear legislative enactment susceptible to the construction that has been placed upon it by State officers and acted on by an accused in line with the construction of the statute as made by those vested with authority and power to construe and enforce it as a criminal law.

If this were a proceeding bringing into question, in an appropriate way, the authority of the State Motor Vehicle Commissioner to issue tags for the operation of motor vehicles having a combined weight and load capacity in excess of that prescribed by Chapter 16085, Acts of 1933, on

the theory that, *as to the tag licensing authority of the State Motor Vehicle Commissioner,* Chapter 16085, Acts of 1933, limits the State Motor Vehicle Commissioner's licensing authority to issue tags, by prohibiting him from issuing any ordinary license tag to a certified vehicle whose weight and load limits are in excess of the specific weights set up in the 1933 Act, we would then have to determine whether the continuing authority of the Railroad Commissioners under Chapter 14764, Acts of 1931, to fix weight limits under that Act, would involve any duty on the part of the State Motor Vehicle Commissioner to issue tags in conformity, not with the weight limits of Chapter 16085, Acts of 1933, but the weight limits of Chapter 14764.

I express no opinion at this time on the proposition just suggested, but it is clear to me that where the State Motor Vehicle Commissioner has already issued license tags in conformity to an opinion by the Attorney General, and the State Railroad Commission has failed to recall its outstanding weight permits, so long as they are outstanding, justify a weight limit up to 20,000 pounds for a certified motor carrier, the discharge of the defendant in this case must be ordered and criminal prosecution of him held unwarranted.

As was held in Smith v. Cahoon, 283 U. S. 553, 51 Sup. Ct. Rep. 582, 75 L. Ed. 1264, where obedience to an uncertain or unclear criminal statute is demanded, and punishment is sought to be inflicted for its violation, and no means exist for knowing definitely what eventually will be eliminated from its operation, and what will be left, the statute cannot be enforced as a criminal statute in advance of some clarification brought about by judicial decision. A criminal statute, either must be so written, or it must be so clearly judicially construed in advance of institution of criminal proceedings under it, that as written or construed,

it finally sets up a standard of conduct that it is possible to know, and until it conforms to this rule, the courts must release on habeas corpus, those charged with violating it. Such was the *rationale* of the decision of the Supreme Court of the United States in Smith v. Cahoon, *supra,* and in fact was the only point the decision of that case turned on.